JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-05520-JLS-KS                                      Date:  May 6, 2013
Title:  Telegraph Carmenita, LLC v. Maria Isabela Jara Betancourt et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

          V.R. Vallery                                                   N/A
          Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

          Not Present                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 23NWUD00773**

Plaintiff Telegraph Carmenita, LLC filed this unlawful detainer action against Defendant Maria Isabela Jara Betancourt on April 7, 2023 in Los Angeles County Superior Court, Case Number 23NWUD00773.  (Notice of Removal ("Notice") Ex. 1 ("Compl."), Doc. 1.)  On July 7, 2023, Defendant removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice at 2.)

Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Los Angeles County Superior Court.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05520-JLS-KS                                                      Date:  May 6, 2013

Title:  Telegraph Carmenita, LLC v. Maria Isabela Jara Betancourt et al

have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendant appears to contend that removal is proper on the basis of federal question jurisdiction because some of her defenses arise under federal law.  (Notice at 2-3.)  However, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense.").  Rather, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13 (1936)).  Because this complaint only contains an unlawful detainer action based on California Civil Procedure Code section 1161(a) (Compl.), a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo,*  2010 WL 234828, at *2 (C.D. Cal. Jan.13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park,*  2009 WL 3157411, at *1 (C.D. Cal. Sept.24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Los Angeles County Superior Court, Case Number 23NWUD00773.

                                                                               Initials of Deputy Clerk:

vrv

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05520-JLS-KS                                    Date:  May 6, 2013
Title:  Telegraph Carmenita, LLC v. Maria Isabela Jara Betancourt et al